Matter of the Petition of WILLIAM W. FARLEY as State Commissioner of Excise for an Order Revoking and Cancelling Liquor Tax Certificate No. 21,408, issued to VINA E. MORTON.

(County Court, Otsego County, July, 1913.)

Liquor Tax Law, § 27(2) — application for injunction restraining certificate holder from transferring or surrendering certificate until determination of proceedings — vacation of injunction.

In a proceeding under section 27(2) of the Liquor Tax Law for the cancellation of a liquor tax certificate, an application for an injunction restraining the certificate holder from transferring or surrendering the certificate until the final determination of the proceedings must be made on a five days' notice, and an injunction order contained in the order to show cause why the liquor tax certificate should not be canceled will be vacated, with leave to renew the application upon the five days' notice required by law.

MOTION to vacate an injunction.

Charles R. O'Connor, for commissioner of excise.

James J. Byard, Jr., for certificate holder.

KELLOGG, A. L. J. This is a motion to vacate an injunction order restraining Vina E. Morton, the holder of a liquor tax certificate, from trafficking in liquors during the pendency of the proceedings to cancel such

31

County Court, Otsego County, July, 1913. [Vol. 81.

certificate, upon the ground that she has permitted the premises where liquors were being sold by her to become disorderly.

The proceeding was instituted by W. W. Farley, as commissioner of excise of the state of New York, under and pursuant to section 27 .of the Liquor Tax Law, upon an order to show cause which contained the usual injunction order restraining the certificate holder from transferring or surrendering such certificate until the final determination of the proceeding, such order having been based. on a duly verified petition as required by statute.

The order was returnable on the 31st day of May, 1913, at which time the parties appeared, and an adjournment was taken at the request of the certificate holder, until the twelfth day of June. The certificate holder having then applied for an adjournment of twelve days at the close of the petitioner's case, a motion was made by the commissioner of excise, upon all the papers in the case, and upon the evidence already adduced upon the hearing, for an order restraining the owner of the certificate, her agents and servants, from further trafficking under her said certificate during the pendency of the proceeding, or until the further order of the court, which was granted. On the adjourned day, to wit, June twenty-fourth, the evidence was completed in the proceeding, both in behalf of the commissioner of excise and the certificate holder, and thereupon a motion was made in her behalf to vacate the injunction order, upon the grounds that the same was granted without notice to the certificate holder, and that the court was without jurisdiction.

It is also urged in her behalf, that to sustain the order at this time is an expression of opinion by the court on the merits.

It is contended by the commissioner of excise that at

least five days' notice was given in the order to show cause before the return thereof, and that such other and further relief was demanded therein, as to the court seemed just and proper, and that, inasmuch as the certificate holder had applied for further delay, the court had the power to grant the order under the provisions of the Liquor Tax Law.

A careful examination of the provisions of section 27 of the Liquor Tax Law, and the various subdivisions thereof, leads inevitably to the conclusion that the motion must prevail.

Subdivision 2 of said section provides that "At the time of the return of the show cause order, or at any time thereafter during the pendency of the proceeding upon five days' notice to the certificate holder by any party, the justice, judge or court granting the same may grant an injunction order restraining the certificate holder, his agents and servants, from trafficking under the certificate or certificates sought to be canceled in the proceeding, or at the place or places in which the same were issued, * * * until the final determination of the proceeding, providing that, if the material allegations of the petition be upon information and belief, the justice, judge or court must require the presentation of one or more affidavits containing positive averments made by the witnesses having personal knowledge of facts constituting one or more of the violations of law set forth in the petition."

The statute, therefore, states plainly and concisely that at the time of the return of the order to show cause, an injunction order may be granted restraining the traffic in liquor under the license or at any time after the return of the order to show cause, during the pendency of the proceeding, upon five days' notice to the certificate holder. I do not think the certificate holder has had the five days' notice contemplated by

County Court, Schoharie County, July, 1913.    [Vol. 81.

the statute as the motion for the injunction order granted was made in open court at an adjourned hearing, without previous notice, and after the return of the order to show cause.

It is clear that the intent of the statute is that a proceeding to revoke and cancel a liquor tax certificate should have prompt disposition. The provision therefore, contained in subdivision 2 of section 27 of the Liquor Tax Law, giving the court, in its discretion, power to grant an injunction order *pendente lite,* is one the court may well exercise in order to hasten a speedy determination of the proceeding, as well as in a case where the petition or evidence warrants it. I am not expressing an opinion at this time on the merits. The injunction order granted on the twelfth day of June, is, therefore, vacated with leave to the commissioner of excise to renew application for such order, and for such other relief as he may be advised to request upon the five days' notice provided by law.

Ordered accordingly.